

# Fourth Court of Appeals
## San Antonio, Texas

October 3, 2016

No. 04-16-00017-CR

James **MOODY**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 413867
The Honorable Robert Behrens, Judge Presiding

# O R D E R

The appellant's brief in this case was originally due May 2, 2016. On May 6, 2016, counsel was notified by telephone and letter that the brief was late. Nearly two weeks later, on May 19, 2016, counsel filed a first motion for extension of time to file the brief. This court granted the motion and ordered the brief due June 20, 2016.

On June 22, 2016, this court notified counsel that the brief was late. Nearly two weeks later, on July 5, 2016, counsel filed a second motion for extension of time to file the brief. This court granted the motion in part and ordered the brief due August 1, 2016.

Counsel notified this court, in a separate appeal, *Mosqueda v. State*, No. 04-16-00135-CR, that sometime after July 21, 2016, he unexpectedly became a party to a family lawsuit.

Counsel filed a third motion for extension of time to file the appellant's brief on August 10, 2016. We granted the motion and ordered counsel to file the appellant's brief by August 30, 2016.

On August 30, 2016, counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and asserted there are no meritorious issues to raise on appeal. However, counsel failed to include as an exhibit or copy of a letter he sent to the appellant demonstrating counsel had complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), to (1) notify appellant that counsel has filed an *Anders* brief and motion to withdraw and enclose copies of the documents, (2) inform appellant of his right to

review the appellate record and file a pro se brief, (3) inform appellant of his right to file a pro se petition for discretionary review should the court of appeals determine the appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating [appellant's] right to review the appellate record, if that is what [appellant] wishes." *Id.*

On September 6, 2016, we ordered counsel to file, by September 16, 2016, a copy of counsel's letter to the appellant. Our September 6, 2016 order reminded counsel "that his duties of representation do not cease when he files a motion to withdraw; counsel must continue to act with competence, commitment and dedication to the interest of the client until the court of appeals grants the motion."

Counsel did not comply with this court's order. Our records reflect that on September 21, 2016, this court contacted counsel, and counsel represented to the court he would file a copy of the letter on September 22, 2016. Counsel did not file a copy of the letter on or before September 22, 2016. Our records further reflect that on September 23, 2016, counsel was contacted again about his letter to the appellant.

On September 27, 2016, we again ordered counsel to file, by September 29, 2016, proof that counsel sent the required letter to the appellant. We advised counsel that "if he fail[ed] to comply with this order, the appeal w[ould] be abated for an abandonment hearing." Counsel failed to comply with our September 27, 2016 order and has not, as of the date of this order, filed a copy of his letter.

The appellant has filed a pro se motion indicating he disagrees with counsel's determination that there are no meritorious issues to raise on appeal and expressing his desire to prosecute this appeal.

Pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and **order** the trial court to conduct a hearing to determine whether counsel has abandoned the appeal. Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court is further **ordered** to make written findings and conclusions on these issues. The trial court clerk, Donna Kay McKinney, and court reporter are **ordered** to file in this court, no later than **October 24, 2016**, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues. *See* TEX. R. APP. P. 38.8(b)(3).

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of October, 2016.

_____
Keith E. Hottle
Clerk of Court